[Cite as *State v. Petty*, 2014-Ohio-394.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99926**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JODIE PETTY

DEFENDANT-APPELLANT

### JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-568118

**BEFORE:** E.A. Gallagher, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 5, 2014

**ATTORNEY FOR APPELLANT**

John T. Martin
Cuyahoga County Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Joseph J. Ricotta
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

{¶1} Jodie Petty appeals her sentence that was imposed in the Cuyahoga County Common Pleas Court. Petty argues that the trial court's imposed sentence is contrary to law and the state concedes Petty's argument. Finding merit to the instant appeal, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.

{¶2} In 2012, Petty committed three theft offenses within a few months of each other. On August 12, 2012, officers in Lorain County arrested Petty on a felony charge of misuse of credit card, Lorain C.P. No. 086584. On August 20, 2012, Petty committed another misuse of credit cards in Cuyahoga County, which is the underlying offense in this case. The Cuyahoga County Grand Jury indicted Petty with one count of misuse of credit cards on November 6, 2012, and on November 21, 2012, a capias was issued for her arrest. Lastly, on December 5, 2012, Petty was arrested in the city of Mentor on a misdemeanor petty theft charge. On December 16, 2012, officers took Petty into custody for this case, and the trial court released her on bond on December 18, 2012.

{¶3} On March 25, 2013, Petty pleaded guilty of misuse of credit cards, a fifth-degree felony. During her sentencing hearing, the trial court acknowledged Petty's two other cases and stated that appellant "continues to commit crimes even though she's on paper with this court." The trial court then sentenced Petty to 11 months at the Ohio

State Reformatory for Women. On May 23, 2013, the Lorain County Common Pleas Court sentenced Petty to seven months in prison, to be served concurrently with the present case.

{¶4} Petty appeals, raising the following assigned error:

The trial court erred in not imposing a sentence of community control sanctions on Ms. Petty, who was a first-time felony offender who had pled guilty to a fifth-degree non-violent felony and did not have a prior violent offense.

{¶5} Under H.B. 86, a trial court is required to impose a sentence of community control sanctions upon a defendant who commits a non-violent felony of the fourth or fifth degree, with certain exceptions. Both Petty and the state agree that none of the exceptions apply in the present case.

{¶6} R.C. 2929.13(B)(1)(b) reads in pertinent part as follows:

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

* * *

(iii) The offender violated a term of the conditions of bond as set by the court.

{¶7} In the present case, Petty did not violate the conditions of her bond, which was set on December 18, 2012. The Lorain County felony case occurred on August 12,

2012, and the city of Mentor offense occurred on December 5, 2012. Although the court was correct in finding that Petty committed the city of Mentor offense subsequent to a capias being issued, such actions are not an exception to the presumption for community control. Additionally, Petty did not plead guilty to the felony charge in Lorain County until May 23, 2013. Thus, although she committed the Lorain County offense prior to the instant case, she was not convicted until after her conviction in this case, therefore, she did not have a prior felony conviction at the time of sentencing in the present case.

**{¶8}** Accordingly, we find the trial court's sentence of 11 months in prison to be contrary to H.B. 86, R.C. 2929.13(B)(1)(b). The judgment of the trial court is reversed and the case is remanded for resentencing. We further order the immediate release of Petty from incarceration relating to the underlying felony conviction.

**{¶9}** Judgment reversed and the cause remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.


A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR